ALICE C. HILES AND HENRY J. HILES, Sr., IN HIS OWN
RIGHT, AND HENRY J. HILES, Jr., INDIVIDUALLY,
PLAINTIFFS, v. PUBLIC SERVICE RAILWAY COMPANY,
DEFENDANT.

HENRY J. HILES, Sr., PLAINTIFF, v. PUBLIC SERVICE
RAILWAY COMPANY, DEFENDANT.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, *William C. French.*

For the defendants, *Henry H. Fryling.*

PER CURIAM.

The plaintiffs who were riding in an automobile on a public highway were injured by a trolley car of the defendant running into it from its left at about nine-twenty P. M. The jury found a verdict in favor of each plaintiff, and on this rule it is claimed that there should have been a nonsuit or, failing that, that the verdicts were against the clear weight of the evidence.

The Glassboro Pike, also known as the Delsea Drive, runs substantially north and south and is crossed by another

road called Cooper street or the Almonesson road at an angle of about sixty-six degrees. Cooper street runs, roughly speaking, northwest and southeast. South of Cooper street and parallel with it at a distance of a few feet is the private right of way of the defendant running through open fields at this point and crossing Delsea drive just south of the highway crossing. The car in which the plaintiff was riding was, as we have said, proceeding south and had crossed Cooper street, and was crossing the track of the defendant when it was struck. There were no gates or signal at the crossing of the trolley line.

The circumstances of the accident as the jury were entitled to find them were about as follows: The car was owned and driven by the plaintiff Henry J. Hiles, Jr., and his father, mother and younger sister were passengers in the car, none of them having control over his operation. The whole party· were on their way to their summer home, and the car was packed full of baggage. There was a Ford car ahead of the plaintiff's car which had held them back, but which stopped either just north or just south of Cooper street and signalled the Hiles car to pass, which it proceeded to do, and the occupants of the plaintiffs' car suddenly became aware of a trolley car approaching on their left, coming out of a field on one side and crossing the road to a field on the other. Their claim was that they did not know there was any trolley line there; that there was no headlight on the car (and in this they are corroborated by one or more witnesses, although it is denied by the defendant), and that, seeing it was too late to escape, young Hiles swung to his right as much as he could, and the right front of the trolley car struck just about at the driver's seat of the automobile and swung it around into the ditch. It appeared that the trolley car was being driven by a learner under instructions of a regular motorman. This learner testified on the trial that the plaintiff ran into the side of his car toward the rear, but this seems to be negatived by the testimony showing that the lights of the automobile were uninjured, and also that the front door of the trolley car was thrown off of its rollers.

The case presented an unusual conflict of testimony which it was the function of the jury to resolve, and we are unable to say that they disregarded their duty in the premises. As to Mr. and Mrs. Hiles, there is no fair question of contributory negligence, as they were passengers as already noted, their son owning the car; and even as to Henry, Jr., who was driving the car; we are not disposed to disturb this verdict. Upon the testimony, the jury were entitled to say, notwithstanding the contradictions, that the trolley car had no headlight burning and that it crossed the road at considerable speed without any light or sound, and that Henry, Jr., the driver, was not shown to have been lacking in due care.

The result is that the rule must be discharged.